UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GABRIEL RUIZ VARGAS, | ) | CASE NO. ED CV 12-01323 JAK (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| vs. | ) ) | |
| KAMALA HARRIS, Attorney General, | ) ) | |
| Respondent. | ) ) | |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner, a Mexican national who is represented by counsel, filed the current petition on August 9, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On November 21, 2008, in Riverside County Superior Court, Petitioner pleaded guilty to assault with a deadly weapon and brandishing. He does not indicate what his California sentence was because that consequence is not the focus of this petition. What concerns Petitioner, rather, is the fact that his assault crime qualifies as an "aggravated felony" justifying his removal from the United States. He contends here that his trial counsel was ineffective for failing to advise Petitioner about that consequence. By overturning his conviction, he hopes to avoid removal. *See* Pet. ¶ 2 and accompanying Mem.

(b) Petitioner did not appeal. His conviction became final after Wednesday, January 28, 2009, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60 day deadline). His one-year AEDPA limitations period began running at that time.

(c) 231 days passed. On September 17, 2009 – with 134 days remaining in his 365-day AEDPA period – Petitioner filed a habeas petition in the trial court, asserting ineffective assistance of trial counsel. The trial court held a hearing on the matter but denied relief on July 30, 2010. *See* Pet. at 11 (paragraph VII). (The petition recites that numerous exhibits are attached, including habeas petitions in the state trial court, California Court of Appeal and California Supreme Court. No exhibits are attached.)

(d) Over eight and a half months passed. Petitioner's 365-day AEDPA limitations period appears to have expired in the middle of this period, after

|    |     |                                                                                              |
|----|-----|----------------------------------------------------------------------------------------------|
| 1  |     | Monday, December 13, 2010.  On April 20, 2011, Petitioner filed another                      |
| 2  |     | habeas petition, this time in the California Court of Appeal, represented by his             |
| 3  |     | current counsel.  (It is possible that Petitioner was represented by counsel                 |
| 4  |     | earlier, but the lack of exhibits and judicially-noticeable public records leaves            |
| 5  |     | this unclear.)  That court denied relief on August 12, 2011.                                 |
| 6  | (e) | Another seven and a half months passed.  On December 27, 2011, Petitioner                    |
| 7  |     | – still represented by his current counsel – filed another state habeas action,              |
| 8  |     | this time in the California Supreme Court.  That court denied relief on                      |
| 9  |     | February 22, 2012.                                                                           |
| 10 | (f) | Yet another seven and a half months passed before Petitioner filed the current               |
| 11 |     | petition.                                                                                    |

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred.  It became stale late in December of 2010, even with the benefit of some statutory tolling.  Petitioner does not receive "gap tolling" between his three state-court habeas actions because his delay was greater than "30 [to] 60 days" and is unexplained.  *See Evans v. Chavis*, 546 U.S. 189, 191-92, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (unexplained delay exceeding the 60-day upper period noted in *Chavis* precludes gap tolling).  Petitioner's filing of the latter two state habeas proceedings after his AEDPA period expired cannot rejuvenate his stale claims.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  His additional delay, between the denial of the California Supreme Court petition and the filing of the current one, also does not aid him.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations.

Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: August 16, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-